IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EVAN GIRLING, individually and on behalf of all others similarly situated <br><br> Plaintiffs, <br><br> V. <br><br> JHW SERVICES, LLC <br><br> Defendant. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Evan Girling ("Plaintiff") brings this suit against JHW Services, LLC ("Defendant") to recover regular and overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 207(a)(1), 216(b). Plaintiff asserts his FLSA claims on behalf of himself and Defendant's current and former employees.

## JURISDICTION AND VENUE

2. The Court has jurisdiction because Plaintiff's claims arise under the FLSA.

3. Venue is proper in the United States District Court for the Western District of Texas because the Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District. *See* 28 U.S.C. § 1391(b)(1)(2).

## PARTIES

4. Plaintiff Evan Girling resides in Conroe, Texas.

5. Defendant JHW Services LLC is a Texas limited liability company.

6. Defendant may be served through its registered agent for service, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, TX 78731.

## FLSA COVERAGE

7. Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendant employed two or more employees and had annual revenue of at least $500,000.

8. Throughout the Claims Period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

9. Throughout the Claims Period, Defendant had employees engaged in commerce or in the production of goods for commerce, and Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. Throughout the Claims Period, Plaintiff and all similarly situated employees were engaged in interstate commerce or in the production of goods for commerce.

11. Throughout the Claims Period, Defendant was an employer of Plaintiff and all similarly situated employees.

12. Throughout the Claims Period, Plaintiff and all similarly situated individuals were Defendant's employees.

13. Throughout the Claims Period, Defendant employed Plaintiff and all similarly situated employees.

## FLSA VIOLATION

14. Defendant provides electrical, instrumentation, and automation oil-field services.

15. Plaintiff worked as a safety manager from July 2019 through March 2021.

16. Defendant paid Plaintiff on an hourly basis.

**Defendant Did Not Pay Plaintiff for All Hours Worked ("Off the Clock" Violation)**

17. From June 2020 through March 2021, Plaintiff regularly worked in excess of 40

hours per week.  However, Defendant "capped" Plaintiff's hours at 40 per week, not matter how many hours Plaintiff actually worked.  Thus, Defendant violated the FLSA by failing to pay Plaintiff for all of the hours he worked each week.  Defendant did not pay Plaintiff any wages for the hours he worked in excess of 40 each week, so Defendant also violated the FLSA by not paying Plaintiff one-and-one-half times his regular rate of pay for each overtime hour he worked.

19. Defendant owes Plaintiff 1.5 times his regular rate of pay for each overtime hour he worked off the clock each week from June 2020 through March 2021, plus liquidated damages in the same amount.

**Defendant Failed to Pay for Time Spent Traveling During the Workday**

19. Under the FLSA, travel away from home (flying to out-of-town assignments or training, for example) is "worktime" when it cuts across an employee's regular work hours, regardless of whether the travel is on a weekday or weekend.  In these circumstances the regulations provide that "[t]ravel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties." 29 C.F.R. § 785.39; *see also* WHD Opinion Letter FLSA-292 (Jan. 9, 1951) (concluding that compensable time includes "all time spent in such travel during the hours which correspond to [the employee's] normal hours of work, including those hours on Saturday and Sunday which correspond to [the employee's] normal working hours on other days of the week").

20. Throughout his employment, Plaintiff regularly traveled during the workday from his home in Conroe, Texas, to one or both of the Defendant's offices in Pecos, Texas or North Dakota, for two-week "hitches" away from home.  However, Defendant did not Pay Plaintiff any wages for the hours he spent traveling to and from his home for these hitches.  This violated the FLSA.

21. Defendant owes Plaintiff his regular rate of pay (and overtime where applicable) for each hour he spent traveling during the workday, plus liquidated damages in the same amount.

22. Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff incorporates the prior allegations in this Complaint and restates them here.

24. Defendant does not include time during the workday that its employees spend traveling in its computations of weekly hours worked.

25. This uncompensated travel time is integral and indispensable to Plaintiff's and all other employees' main job duties, was required by Defendant, and was performed for Defendant's benefit.

26. Plaintiff desires to pursue this particular FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

27. Plaintiff and these similarly situated workers are hereafter referred to as "the Travel-Time Plaintiffs."

28. Defendant's systematic practice of not paying the Travel-Time Plaintiffs for time spent traveling during the workday deprived them of wages earned, including overtime compensation.

29. Plaintiff seeks to represent the interests of the Travel-Time Plaintiffs who have been deprived of their pay in violation of the FLSA.

30. The Travel-Time Plaintiffs are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

31. The Travel-Time Plaintiffs are similarly situated because they were subjected to the same policy and practice—that is, they were not paid for travel time.

32. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> All current and former employees who were not paid for time spent traveling during the workday, either between job sites or away from their home community, from March 16, 2018 to the Present.

33. Plaintiff reserves the right to modify the collective definition.

## WILLFUL VIOLATION

34. Defendant willfully violated the FLSA. Defendant either knew it should pay Plaintiff for all hours worked as required under the FLSA, or Defendant recklessly disregarded its obligation to do so.

## JURY TRIAL DEMANDED

35. Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

## PRAYER FOR RELIEF

Plaintiff Evan Girling demands a judgment for himself and all similarly situated individuals against Defendant JHW Services, LLC for the following:

    a. Unpaid regular and overtime wages;

    b. Liquidated damages;

    c. Prejudgment interest on all amounts awarded at the highest rate allowable by law;

    d. Attorneys' fees and costs;

    e. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    f. All other relief the Court finds proper.

Respectfully submitted,

STURM LAW, PLLC

*/s/ Charles A. Sturm*
CHARLES A. STURM
csturm@sturmlegal.com
*Attorney in Charge*
Texas Bar No. 24003020
712 Main Street, Suite 900
Houston, Texas 77002
(713) 955-1800 [Telephone]
(713) 955-1078 [Facsimile]

